FILED
United States Court of Appeals
Tenth Circuit

January 18, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENT CIRCUIT

JEFFERY LYNN SMITH,

Petitioner-Appellant,

v.

EDDIE WILSON, Warden, Wyoming
State Penitentiary; ROBERT O.
LAMPERT, Director, Wyoming
Department of Corrections; BRUCE
SALZBURG, Attorney General, State of
Wyoming,

Respondents-Appellees.

No. 11-8040

(D.C. No. 1:10-CV-00075-ABJ)

(D. Wyoming)

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Petitioner, a state prisoner proceeding pro se, seeks a certificate of appealability to

appeal the district court's denial of his § 2254 habeas petition. In 2007, a Wyoming jury

found Petitioner guilty of murder. His conviction and sentence were affirmed on direct

appeal. *See Smith v. State*, 199 P.3d 1052 (Wyo. 2009). Petitioner then filed the instant

habeas petition, in which he claimed the state court erred in excluding his proffered

evidence of alternative suspects. The district court granted Respondents' motion for

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

summary judgment, holding that the state court's decision was not contrary to or an unreasonable application of federal law. *See* 28 U.S.C. § 2254(d).

As the district court explained, a state court decision involves an unreasonable application of federal law only if it is "objectively unreasonable," meaning that "most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006). "It is not enough that the decision is clearly wrong or that the reviewing court would have reached a contrary decision." *Id.* Moreover, "[t]he more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004).

In this case, the relevant Supreme Court law consisted of the general principles that criminal defendants must be given a meaningful opportunity to present a complete defense; that evidentiary rules excluding defense evidence may not be arbitrary or disproportionate to the purposes they are designed to serve; and that alternative-suspect evidence is admissible subject to well-established rules of evidence that "permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Holmes v. South Carolina*, 547 U.S. 319, 326 (2006); *see also Chambers v. Mississippi*, 410 U.S. 284 (1973). The state trial court concluded Petitioner's proffered evidence was inadmissible under well-established rules of evidence, since some of it consisted of uncorroborated hearsay and the probative value of the remaining evidence was

substantially outweighed by the probability of confusing the issues and misleading the jury. On appeal, the Wyoming Supreme Court agreed with this conclusion and accordingly held that the exclusion of this evidence did not run afoul of the U.S. Supreme Court's holdings in *Holmes* and other cases. *Smith*, 199 P.3d at 1064-1067.

In light of the deference federal courts must apply to this type of state court determination on habeas review, we conclude that reasonable jurists would not debate the district court's conclusion that this decision was not an unreasonable application of federal law. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, for substantially the same reasons given by the district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge